JERRY ALLEN BAILEY,     )
         )
    Petitioner,     )
         )
    v.     )    **O R D E R**
         )
UNITED STATES OF AMERICA,     )
         )
    Respondent.     )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Petition for Writ of Error Coram Nobis, filed August 24, 2005.

On or about March 7, 1995, Petitioner, along with thirty-six other individuals, was indicted for violating 21 U.S.C. § 841 and 846. On August 14, 1995, pursuant to a written plea agreement, Petitioner entered a guilty plea at his Rule 11 hearing. On April 2, 1996, this Court sentenced Petitioner to 360 months imprisonment. On December 30, 1996, the United States Court of Appeals for the Fourth Circuit issued an unpublished decision dismissing his appeal.

On December 14, 1999, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (3:99CV495) with this Court which was ultimately dismissed as untimely. On August 30, 2001, the United States Court of Appeals for the Fourth Circuit upheld the dismissal of Petitioner's § 2255 motion.

Petitioner has now filed a Petition for Writ of Error Coram Nobis arguing that he entitled to a reduction in his sentence based upon the April 2005 vacatur of a 1988 state-court conviction

that was used to qualify him as a career offender in his federal criminal case.   In addition,

Petitioner argues that he is entitled to a reduction in his sentence based upon the Supreme Court's

holding in United States v. Booker, 125 S. Ct. 738 (2005) because no drug amount was listed in

the Indictment or agreed upon by the parties.   In support of his argument he attaches a copy of a

state-court order dated April 14, 2005, which sets forth that Petitioner's conviction in case

number 88 CR 5019 (assault inflicting serious injury) is set aside and dismissed because he did

not knowingly and understandingly waive his right to all counsel.

The United States Supreme Court has stated that the "All Writs Act is a residual source of

authority to issue writs that are not otherwise covered by statute. Where a statute specifically

addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is

controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996).  The United States Court of

Appeals for the Fourth Circuit has also stated that in order to warrant issuing a writ of error

coram nobis  no other remedy must be available.  See United States v. Mandel, 862 F.2d 1067,

1075 (4th Cir. 1988).

Section 2255 permits a prisoner in custody to move the sentencing court to vacate, set

aside, or correct a sentence subject to collateral attack.  Such relief is precisely what Petitioner is

seeking through his filing of his Petition for Writ of Error Coram Nobis.  Accordingly, a Petition

for Writ of Error Coram Nobis is not the appropriate vehicle for Petitioner to attack his sentence

and conviction.  Rather, Petitioner's filing, in which he attacks the validity of his sentence and

conviction,  is more properly characterized as a Motion to Vacate, Set Aside, or Correct Sentence

pursuant to § 2255, and the Court will treat it as such.[1]  However, under  the Antiterrorism and

Effective Death Penalty Act ( AEDPA), "a second or successive motion must be certified . . . by

a panel of the appropriate court of appeals. . ."  28 U.S.C. § 2255 (1997).  Therefore, because

Petitioner has already filed a motion to vacate with this Court (3:99CV495),  Petitioner must first

certify his motion with the Fourth Circuit Court of Appeals before he can file his successive

motion in the District Court.

Moreover, even if it were not ruled successive, Petitioner's  Motion to Vacate, Set Aside

or Correct Sentence pursuant to 28 U.S.C. § 2255, Petitioner's is most likely untimely.   Among

other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations

period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation

period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United States
is removed, if the movant was prevented from making a motion by such
governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme
Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final on or about March 30,

---

[1]  This Court finds that the Court of Appeals for the Fourth Circuit's decision in United
States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the
Emmanuel case, this  would not be Petitioner's first § 2255 motion.  Id. at 650 (no notice
required where recharacterization has no adverse impact on movant).

1996, and that he did not file the instant Motion to Vacate until August 24, 2005. It thus appears to the Court that Petitioner's Motion to Vacate is untimely.

Any argument that Petitioner's limitation period should run from the date the state-court conviction at issue was vacated is precluded by the recent Supreme Court case of <u>Johnson v. United States</u>, 125 S. Ct. 1571 (2005).   In <u>Johnson</u> the Supreme Court held that for purposes of the one-year limitation period under AEDPA a state-court vacatur of a conviction that was used to enhance a federal sentence is a matter of fact.   However, the supreme Court went on to hold that "the statute allows the fact of the state-court order to set the 1-year period running only if the petitioner has shown due diligence in seeking the [vacatur] order."   Due diligence is measured from the time the federal district enters judgment.   In the instant case almost seven years[2] elapsed before Petitioner filed a state collateral attack on his state conviction and thus this Court concludes that Petitioner did not show due diligence.   <u>See id.</u> (holding petitioner did not exercise due diligence where more than three years passed between the entry of judgment in federal district court and petitioner's seeking vacatur in state court).   Consequently, if Petitioner's filing were not successive it would be untimely.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. The Clerk is directed to treat Petitioner's Petition for Error Coram Nobis as a  motion to vacate, set aside, or correct sentence and file a copy of this Order within the civil case number assigned; and

---

[2]   Judgment was entered in Petitioner's federal case on May 3, 1996.  The record establishes that Petitioner did not file a Motion for Appropriate Relief in state court until March 7, 2003.

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.

Signed: December 6, 2005

Graham C. Mullen
Chief United States District Judge