IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94-CR-111-GCM

| | |
|---|---|
| JERRY ALLEN BAILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

THIS MATTER comes before the Court upon Petitioner's Motion for Writ of Audita Querela, filed March 25, 2010.

On or about March 7, 1995, Petitioner, along with thirty-six other individuals, was indicted for violating 21 U.S.C. §§ 841 and 846. On August 14, 1995, pursuant to a written plea agreement, Petitioner entered a guilty plea at his Rule 11 hearing. On April 2, 1996, this Court sentenced Petitioner to 360 months imprisonment. On December 30, 1996, the United States Court of Appeals for the Fourth Circuit issued an unpublished decision dismissing his appeal.

On December 14, 1999, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (3:99CV495) with this Court, which was ultimately dismissed as untimely. On August 30, 2001, the United States Court of Appeals for the Fourth Circuit upheld the dismissal of Petitioner's §2255 motion.

Almost six years later, on December 6, 2005, Petitioner filed a Writ for Error Coram Nobis arguing he was entitled to a sentence reduction, which the Court treated as a Motion to Vacate under § 2255 and dismissed as untimely. On August 31, 2006, the United States Court of

Appeals for the Fourth Circuit agreed with this Court that the Motion was properly construed as a § 2255 Motion and dismissed the appeal. (Doc. 975).

Petitioner then filed a Motion to Reduce Sentence under 18 U.S.C. § 3582 on April 14, 2009. (Doc. 993). This Court denied that motion on July 27, 2009 because Petitioner was a career offender and not eligible for the reduction. (Doc. 1007). On December 3, 2009 the United States Court of Appeals for the Fourth Circuit upheld the denial of Petitioner's § 3582 motion. (Doc. 1015)

Now Petitioner requests this Court to issue a Writ of Audit Querela, and insists he has "cognizable ground with which to collaterally challenge his sentence," despite the fact that he is "procedurally barred from doing so" under 18 U.S.C. § 2255. (Pet. Br. 5, Doc. 1018).

The United States Supreme Court has stated that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statue specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 419 (1996). The United States Court of Appeals for the Fourth Circuit has stated that a "writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate under 28 U.S.C. 2255." Alonzo v. United States, 368 Fed. Appx. 467, 467 (4th Cir. 2010).

Section 2255 permits a prisoner in custody to move the sentencing court to vacate, set aside, or correct a sentence subject to collateral attack. Such relief is precisely what Petitioner seeks by filing his Petition for Writ of Audita Querela. However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified… by a panel of the appropriate court of appeals…" 28 U.S.C. § 2255 (1997). Petitioner's case has been pursued through direct appeal and by motion pursuant to § 2255. Petitioner acknowledges that

he is "procedurally barred" under § 2255 from further review of his conviction and sentence without obtaining authorization to file a second § 2255 motion, but has not obtained such authorization. Thus, as Petitioner has filed a prior motion to vacate with this Court (3:99cv495), he must first certify his motion with the Fourth Circuit Court of Appeals before he can file a successive § 2255 motion in district court. Therefore, the Petition for Writ of Audita Querela is DENIED.

Signed: September 30, 2010

Graham C. Mullen
United States District Judge